[No. 21164–1–I.   Division One.   April 24, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. ELMER JAMES
MUTCHLER, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Mark Larson, Deputy,* for respondent.

PEKELIS, J.—Late in the afternoon of May 3, 1987, Elmer James Mutchler attacked L.J. with a knife while she was walking along a path in Lincoln Park. Mutchler appeals his conviction for assault in the first degree with intent to commit rape or indecent liberties.[1] He contends that the evidence is insufficient to support his conviction and that the trial court erred in admitting the testimony of C.C. We affirm.

## I

L.J. was walking on a path in Lincoln Park late in the afternoon of May 3, 1987, when she saw a man sitting on a log. As she continued past him, the man came up behind her and grabbed her. He put his hand over her mouth and told her he was going to take her in the bushes and "cut [her] up". L.J. testified that he attempted to push her into the bushes at the side of the path. When she fought and screamed, the man kicked and struck her, and jabbed at her with the point of his knife. L.J. was wearing a jogging suit and was not carrying a purse or wallet.

The attack on L.J. ended when a couple walking in the park heard her screaming and came to assist her. Mutchler fled, but was apprehended later that afternoon.

A few days before Mutchler's attack on L.J., C.C., another woman, encountered him while walking on a path in Lincoln Park. She felt uncomfortable and nervous as Mutchler passed her. When she turned to look at him, she noticed a plastic baseball bat down the back of his pants.

C.C. encountered Mutchler again the day of the attack on L.J. and noticed a knife hanging from his belt. When she stopped at a bench to sit down, Mutchler sat on the bench next to hers and looked at her face and her crotch. C.C. decided to leave the park, but changed her mind and decided to take the path to the beach when she saw Mutchler heading the other way.

---

[1] At the time Mutchler was charged, intent to commit a felony upon the person or property of the one assaulted was an element of assault in the first degree. Former RCW 9A.36.010.

When she was about halfway down the path to the beach, she saw Mutchler approaching her. He crossed in front of her with his hand on his hip were she had seen the knife. She was able to pass him, but Mutchler turned and followed her. When C.C. asked Mutchler to leave her alone, he replied that he only wanted to talk to her. C.C. then ran down the path and found someone to escort her out of the park. Later that afternoon after Mutchler had been arrested for the attack on L.J., C.C. identified him as the person who had followed her.

Before trial, the State sought a ruling on the admissibility of the evidence of Mutchler's prior encounters with C.C. Mutchler's counsel argued that C.C.'s testimony was unnecessary because Mutchler would stipulate that he had been in the park prior to the attack and that he was the person who attacked L.J. The trial court ruled that the State's right to introduce evidence could not be waived by the defendant's stipulation and concluded that C.C.'s testimony was admissible to establish the res gestae of the crime and to show the identity of the defendant.

After a bench trial, the court found beyond a reasonable doubt that Mutchler intended to commit a sexual offense when he attacked L.J. The court relied on Mutchler's previous stalking of C.C. and the fact that Mutchler had stared at C.C.'s crotch to infer an intent to commit rape or indecent liberties. The court also reasoned that theft or robbery could not have been the motive for the attack since L.J. had nothing of value on her person. Likewise, an intent to knife L.J. was not likely Mutchler's sole intent because he could have knifed her on the path, but instead struggled to get her into the bushes for some purpose.

## II

We consider first Mutchler's contention that the trial court erred in admitting C.C.'s testimony. As evidence of prior bad acts, it must meet the requirements of ER 404(b) in order to be admissible.

ER 404(b) provides that evidence of other crimes or acts is not admissible to show that a person acted in conformity with his character, but is admissible for other purposes. These other purposes include proof of res gestae, identity, or intent. *State v. Tharp*, 27 Wn. App. 198, 204, 616 P.2d 693 (1980), *aff'd*, 96 Wn.2d 591, 637 P.2d 961 (1981). The State apparently argues that res gestae is a separate ground of admissibility unrelated to ER 404(b). However, when evidence of res gestae involves other crimes or acts, the evidence must meet the requirements of ER 404(b). *See Tharp*, at 204.

■■ In deciding whether evidence of other crimes or acts is admissible for a proper purpose, the trial court must first consider the relevance of the evidence. *State v. Saltarelli*, 98 Wn.2d 358, 361, 655 P.2d 697 (1982). Evidence is relevant if (1) the identified fact for which the evidence is to be admitted is of consequence to the action and (2) the evidence tends to make the existence of the identified fact more or less probable. *Saltarelli*, 98 Wn.2d at 362–63. Once the trial court determines that evidence is relevant, it must then balance the probative value of evidence against its prejudicial effect. *Saltarelli*, 98 Wn.2d at 362.

The trial court here determined that the evidence of Mutchler's encounters with C.C. was admissible for the purpose of showing res gestae or identity. We disagree with the trial court's conclusion that the encounters with C.C. were relevant to these issues.

Evidence of other acts is admissible as res gestae, or "same transaction" evidence, "'[t]o complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'" *Tharp*, 27 Wn. App. at 204 (quoting E. Cleary, *McCormick on Evidence* § 190, at 448 (2d ed. 1972)). The other acts should be inseparable parts of the whole deed or criminal scheme. *Tharp*, 27 Wn. App. at 204–05 (quoting *State v. Battle*, 16 Wn. App. 66, 69–70, 553 P.2d 1367 (1976)).

In *Tharp* the defendant, charged with murder, challenged the admission of three collateral crimes committed

on the same day as the murder. In the first, he broke into an automobile and took various items. *Tharp,* 27 Wn. App. at 200. He then broke into a residence and took several items, including a gun. *Tharp,* 27 Wn. App. at 200–01. In the third collateral crime, the defendant stole a truck. *Tharp,* 27 Wn. App. at 201.

The gun and the truck were used in the commission of the murder, and some of the other stolen items were found at the scene of the crime and on the defendant's person at the time of his arrest. *Tharp,* 27 Wn. App. at 201, 203–04. Under these facts, the *Tharp* court concluded that the three collateral crimes were connected to the murder and admitted them as part of the whole story. *Tharp,* 27 Wn. App. at 205. Similarly, evidence of other crimes was admissible as res gestae in *State v. Thompson,* 47 Wn. App. 1, 12, *733 P.2d 584, review denied,* 108 Wn.2d 1014 (1987) because the evidence filled in the gap between the time the defendant first encountered his murder victim and the time of the shooting.

In *Tharp* and *Thompson,* the collateral acts admitted as res gestae explained parts of the whole story which otherwise would have remained unexplained. In contrast, Mutchler's encounters with C.C. are not part of the attack on L.J. and do not describe events which help explain the circumstances of the attack. The story of the attack on L.J. is complete without C.C.'s testimony. The trial court thus erred in admitting C.C.'s testimony as res gestae or "same transaction" evidence.

The trial court also erred in admitting C.C.'s testimony to show identity. Identity was not an issue because Mutchler's attorney offered to stipulate to identity at the hearing on the motion to exclude C.C.'s testimony. Mutchler offered no testimony nor argued any theory inconsistent with this stipulation. His only defense was that the evidence was insufficient to prove that he intended to commit rape or indecent liberties. Thus, the identified fact for which the

evidence of Mutchler's other acts was admitted, *i.e.,* identity, was not of consequence to the outcome of the case and fails the first prong of the relevancy test. *See Saltarelli,* 98 Wn.2d at 363.

■ Although neither res gestae nor identity provide proper bases for the trial court's admission of C.C.'s testimony, that does not end our inquiry. The trial court's evidentiary ruling may still be upheld if C.C.'s testimony was admissible for any proper purpose. *State v. Jackson,* 102 Wn.2d 689, 694, 689 P.2d 76 (1984).

Here, although the trial court did not designate intent as a proper purpose for admission, in its oral ruling it actually used C.C.'s testimony as proof of Mutchler's *intent* to commit rape or indecent liberties. Specifically, the court relied on Mutchler's stalking of C.C. and the fact that he stared at her crotch as proof of his intent in assaulting L.J. This evidence meets the first prong of the relevancy test because intent, the identified fact for which the evidence is to be admitted, is of consequence to the action. The evidence meets the second prong of the relevancy test because it makes the existence of his intent to commit rape or indecent liberties more probable.

To determine admissibility under ER 404(b), we must next consider whether the probative value of the evidence outweighs its prejudicial effect. Since under *Jackson* this court is able to affirm the trial court's evidentiary ruling under ER 404(b) if testimony is admissible for any proper purpose, it follows that we should also be permitted to balance probative value against prejudicial effect where the trial court has failed to do so. *See Jackson,* 102 Wn.2d at 694. However, this authority is limited to those situations where the trial court record as a whole is sufficient to allow effective appellate review. *State v. Bowen,* 48 Wn. App. 187, 191, 738 P.2d 316 (1987); *State v. Gogolin,* 45 Wn. App. 640, 645–46, 727 P.2d 683 (1986). Here the record does allow us to engage in the necessary balancing.

The fact that Mutchler followed C.C. on two occasions has slight probative value on the issue of whether he intended to commit rape or indecent liberties in the attack on L.J. The fact that he stared at C.C.'s crotch is somewhat more probative of this issue. However, while the probative value of the evidence may not be great, its prejudicial effect is minimal. Mutchler's prior "bad acts," *i.e.,* the encounters with C.C., are ambiguous. They do not involve a prior rape or attempted rape; at best they are merely suspicious. Thus, the evidence is not even capable of being used to show a general propensity to rape, the fundamental prohibition of ER 404(b).

We therefore conclude that the probative value of the evidence outweighs any unfair prejudicial effect. Thus, the evidence is admissible under ER 404(b) on the issue of whether Mutchler intended to commit rape or indecent liberties on the victim.

### III

Mutchler contends that even if the trial court properly considered C.C.'s testimony, there is insufficient evidence to support the court's conclusion that he intended to commit rape or indecent liberties. Evidence is sufficient to support a criminal conviction if, after viewing the evidence most favorable to the State, any reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Reyes,* 104 Wn.2d 35, 39, 700 P.2d 1155 (1985); *State v. Green,* 94 Wn.2d 216, 221–22, 616 P.2d 628 (1980).

The evidence supporting the trial court's conclusion that Mutchler intended to commit rape or indecent liberties is the fact that Mutchler attempted to pull L.J. into the bushes and the fact that he had just stalked C.C. and previously stared at her crotch. Viewing the inferences that may be drawn from this evidence in the light most favorable to the State, we conclude that a reasonable trier of fact could have found beyond a reasonable doubt that Mutchler intended to commit rape or indecent liberties when he assaulted L.J.

Affirmed.

COLEMAN, C.J., and FORREST, J., concur.

Review denied at 113 Wn.2d 1002 (1989).