[No. 11651-4-III.   Division Three.   January 28, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. TERRY
EDWARD DONALD, *Appellant.*

544

*Donald C. Bell,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* and *Alicia H. Nakata, Chief Deputy Prosecutor,* for respondent.

THOMPSON, J. — Terry Edward Donald appeals his conviction of attempting to obtain a controlled substance (oxycodone) through fraud, RCW 69.50.403(a)(3). He contends: (a) the evidence was insufficient to support the jury verdict; (b) he did not receive effective assistance of counsel; and (c) the trial court erred by admitting evidence of prior bad acts and by refusing to give his lesser included offense instruction. We affirm.

On September 12, 1990, between 1 and 2 a.m., Mr. Donald came to the emergency room of Cascade Medical Center in Leavenworth. He identified himself as Duke Adams. He was seen by Dr. Stephen Hufman. Dr. Hufman recognized Mr. Donald as a person he had treated once before in the emergency room. He also knew from medical records that Mr. Donald had been to the emergency room on a third occasion. Each time he used a different name and obtained narcotics.

According to Dr. Hufman, Mr. Donald told him he was going to the East Coast for cancer therapy and needed pain medication to enable him to travel. Dr. Hufman testified he was unable to confirm Mr. Donald's claim regarding cancer, either by examination or by calls to other treatment facilities. He first suggested treatment of the symptoms by use of nonnarcotic antiinflammatories and then by "lesser abuse-potential narcotic medications . . .". Mr. Donald objected to both suggestions and told him he wanted Percocet. At that point, Dr. Hufman asked a nurse to call the sheriff.

Mr. Donald testified he was on his way to Wellpinit from Tacoma when he stopped at the medical center. He said his left testicle was removed 2 years earlier due to seminoma cancer. A fake testicle was inserted, but it "rejected and it came out . . ." and the stitching was causing problems. According to Mr. Donald, Dr. Hufman did not examine his groin area.

Mr. Donald said he did not use his real name because he owed the medical center money for earlier treatments. He denied asking for Percocet and said that because he was on

medication to stop him from taking opiates, Percocet would not have done him "any good".

By amended information, Mr. Donald was charged with attempting to obtain a controlled substance either by use of a false name (Duke Adams) or by fraud, deceit, misrepresentation or subterfuge, in violation of RCW 69.50.403(a)(3).[1]

Defense counsel filed several pretrial motions. He moved to suppress statements Mr. Donald made to a sheriff's deputy, moved in limine to exclude testimony about Mr. Donald's previous visits to the hospital, and moved to limit the admission of his prior arrests. The trial court granted the suppression motion and excluded evidence as to prior arrests and statements made to the deputy. The motion in limine to disallow evidence of prior visits was denied.

The jury found Mr. Donald guilty. He was sentenced to 60 days in jail, 30 days to be served by credit for a drug treatment program.

## PRIOR VISITS

We address first Mr. Donald's contention the trial court erred in refusing to exclude testimony about his prior visits to the emergency room. According to Mr. Donald, such evidence was not properly admitted under ER 404(b) because the court (1) did not give any indication for what purpose the evidence was admitted, (2) failed to analyze the evidence to determine whether it was relevant, and (3) would not give the jury any limiting instruction.

ER 404(b) prohibits admission of evidence of other crimes, wrongs, or acts of a defendant for purposes of proving his character or to show he acted in conformity therewith. However, such evidence may be admissible to prove intent, knowledge, motive, or plan. ER 404(b); *State v. Bythrow*, 114 Wn.2d 713, 719, 790 P.2d 154 (1990). Its probative value, in view of

---

[1] RCW 69.50.403(a)(3) states it is unlawful for any person knowingly or intentionally:

"To obtain or attempt to obtain a controlled substance, or procure or attempt to procure the administration of a controlled substance, (i) by fraud, deceit, misrepresentation, or subterfuge; or (ii) by forgery or alteration of a prescription or any written order; or (iii) by the concealment of material fact; or (iv) by the use of a false name or the giving of a false address."

the availability of other means of proof and other factors, must outweigh the danger of undue prejudice. *See* Comment, ER 404; ER 403; *State v. Whalon*, 1 Wn. App. 785, 464 P.2d 730, *review denied*, 78 Wn.2d 992 (1970); 5 K. Tegland, Wash. Prac., *Evidence* § 114, at 386 (3d ed. 1989).

■ The trial court must balance the probative value of admitting evidence of prior acts with its prejudicial effect and articulate the balancing process for the record. *State v. Jackson*, 102 Wn.2d 689, 694, 689 P.2d 76 (1984). If the trial court fails to articulate its balancing process on the record, an appellate court will review the matter only if the record as a whole is sufficient to allow effective appellate review. *State v. Gogolin*, 45 Wn. App. 640, 727 P.2d 683 (1986); *State v. Mutchler*, 53 Wn. App. 898, 771 P.2d 1168, *review denied*, 113 Wn.2d 1002 (1989). Here, although the trial court did not specifically articulate how it balanced probative value versus prejudicial effect, the record as a whole is sufficient to permit meaningful review. *Jackson*, at 694; *Mutchler*, at 903.

■ The prior acts at issue were both relevant and probative. They tended to show the name used by defendant was false, and were probative as to guilty knowledge, intent and fraud. ER 404(b). As stated in *State v. Thompson*, 95 Wn.2d 888, 890, 632 P.2d 50 (1981), crimes such as fraud speak inherently and directly to the perpetrator's disregard for the truth. The probative value of the evidence outweighed its prejudicial effect.

■ As to a limiting instruction, a defendant has the right to have a limiting instruction to minimize the damaging effect of properly admitted evidence. ER 105.[2] *State v. Summers*, 73 Wn.2d 244, 246-47, 437 P.2d 907 (1968). Since defense counsel failed to request a limiting instruction, the alleged error will not be reviewed. RAP 2.5; *Jackson*, at 695.

---

[2] ER 105 provides:

"When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."

### SUFFICIENCY OF EVIDENCE

■ Mr. Donald contends there was insufficient evidence to support his conviction. *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980). Evidence is sufficient to support a guilty verdict only if, when viewed in a light most favorable to the State, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Green*, at 230.

Mr. Donald was charged with attempting to obtain a controlled substance either by (a) use of a false name or (b) by fraud, deceit, misrepresentation or subterfuge. RCW 69.50-.403(a)(3). The jury was instructed regarding both means of committing the offense and was instructed it only had to be unanimous as to one.

■ If one of the alternative methods upon which a charge is based fails, the verdict must be set aside unless the court can determine whether it was based on remaining grounds for which sufficient evidence was presented. *Green*, at 230; *State v. Maupin*, 63 Wn. App. 887, 894, 822 P.2d 355, *review denied*, 119 Wn.2d 1003 (1992). Since a special verdict form was not used here, there must be sufficient evidence to support both alternative means of committing the offense, if the conviction is to stand.

Mr. Donald's use of a false name is undisputed. What is disputed is his purpose in using the false name and whether use of the false name, together with other evidence, was sufficient to establish fraud, deceit, or misrepresentations for purposes of obtaining narcotics. According to Mr. Donald, the State failed to show reliance by the physician on the false name and failed to prove the element of guilty knowledge or intent to defraud.

A. Reliance. *State v. Lee*, 62 Wn.2d 228, 382 P.2d 491 (1963) rejected defendant's contention that reliance upon a false name and/or address by a doctor or pharmacist was an element of former RCW 69.33.380(1)(d) (Laws of 1959, ch. 27, § 69.33.380, repealed by Laws of 1971, 1st Ex. Sess., ch. 308, § 69.50.606).

> The legislative purpose, in enacting the Uniform Narcotic Drug Act, was to curb illegal traffic in narcotic drugs, and to

regulate and control their sale and distribution. The section here in question, when read in conjunction with the recording provisions of the act, is directed at a particular aspect of this general purpose, namely, to prevent a person with a seemingly legitimate complaint from obtaining an oversupply of narcotic drugs by using a different name and address[.]

*Lee*, at 233.

■ We agree with the State's contention that even if Mr. Donald's complaint was legitimate, the purpose of the statute is to prevent the very acts he committed, and reliance by the doctor or pharmacist need not be shown. *Lee*, at 233.

■ B. Intent To Deceive. The use of a false name can be used to infer guilty knowledge, although it does not compel such inference. *State v. Bundy*, 21 Wn. App. 697, 701, 587 P.2d 562 (1978).[3] Here, the jury's inference of guilty knowledge or intent was permissible when the admitted use of the false name is considered along with the testimony of Dr. Hufman. That evidence, when viewed in a light most favorable to the State, supports a guilty verdict as to both alternative means of committing the offense. *Green.*

LESSER INCLUDED OFFENSE INSTRUCTION

We address next Mr. Donald's contention the trial court erred in failing to give a criminal impersonation instruction. He contends criminal impersonation, RCW 9A.60.040, is a lesser included offense of RCW 69.50.403, because each element of the former is a necessary element of the latter. According to Mr. Donald, the fact that the latter involves a narcotic drug is irrelevant. *State v. Speece*, 115 Wn.2d 360, 798 P.2d 294 (1990); *State v. Fowler*, 114 Wn.2d 59, 785 P.2d 808 (1990).

---

[3]*Bundy* found it unnecessary to determine whether intent to defraud was an element of former RCW 69.33.380(1)(d), but both the majority and dissent assumed it was not. Former RCW 69.33.380(1)(d) stated:

"No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug . . . (d) by the use of a false name or the giving of a false address." The former statute did not contain the language now found in RCW 69.50.403(a)(3) that "[i]t is unlawful for any person knowingly or intentionally: . . . (3) To obtain or attempt to obtain . . ." a narcotic drug.

■ A defendant is entitled to a lesser included offense instruction if each element of the lesser offense is a necessary element of the offense charged and the evidence supports an inference that the lesser crime was committed. *Speece*, at 362; *Fowler*, at 67.

The elements of criminal impersonation are: (1) the assumption of a false identity; and (2) commission of an act in the assumed character with intent to defraud another or for any other unlawful purpose. RCW 9A.60.040(1)(a).

■ As the State contends, the "assumption of a false identity" is not the same as the "use of a false name". In addition, the instruction which Mr. Donald proposed does not accurately set forth the elements of criminal impersonation.

#### EFFECTIVE ASSISTANCE OF COUNSEL

Mr. Donald's final contention is that he was deprived of *effective assistance of counsel* at trial.

■ Washington has adopted the standard for reviewing the effectiveness of trial counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *State v. Thomas*, 109 Wn.2d 222, 743 P.2d 816 (1987). To constitute ineffectiveness, the defendant must show that counsel's performance was deficient and prejudice resulted from the deficiency.

■ In determining whether trial counsel was deficient,

the court must make every effort to eliminate the distorting effects of hindsight and must strongly presume that counsel's conduct constituted sound trial strategy.

*In re Rice*, 118 Wn.2d 876, 888-89, 828 P.2d 1086 (citing *Strickland*, at 689), *cert. denied*, ___ U.S. ___, 121 L. Ed. 2d 344, 113 S. Ct. 421 (1992).

Mr. Donald contends prospective jurors were inadequately questioned during voir dire, particularly as to their relationship to police officers, to Dr. Hufman, and to one another. Although he notes that trial counsel exercised only three of his six peremptory challenges, he fails to establish such inadequate voir dire questioning constitutes a deficiency.

As to Mr. Donald's contention his counsel should have further cross-examined Dr. Hufman, further questioning could have bolstered the doctor's opinion that defendant was abusing the emergency room by giving false information to obtain narcotics. As to the cross examination of the State's forensic chemist, the line of questioning proposed by defendant's counsel on appeal would have been beyond the scope of direct. Finally, as to trial counsel's alleged failure to present adequate legal authorities in support of his motions, the performance was neither deficient nor prejudicial. Though we have not reviewed the issue regarding the limiting instruction because it was not asked for, this omission will not suffice to constitute ineffective assistance of counsel. We can presume trial counsel decided not to ask for a limiting instruction as a trial tactic so as not to reemphasize this very damaging evidence. *See In re Rice, supra* at 888-89.

Mr. Donald has failed to demonstrate that he received ineffective assistance of counsel at trial.

We affirm.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 121 Wn.2d 1024 (1993).