249 P.3d 604 (2011)
STATE of Washington, Petitioner,
v.
Arthur C. RUSSELL, Respondent.
No. 84307-4.
Supreme Court of Washington, En Banc.
Argued January 18, 2011.
Decided February 24, 2011.
Russell Duane Hauge, Randall Avery Sutton, Kitsap Co. Prosecutor's Office, Port Orchard, WA, for Petitioner.
Bryan G. Hershman, Attorney at Law, Tacoma, WA, for Respondent.
FAIRHURST, J.
¶ 1 The Court of Appeals reversed Arthur C. Russell's conviction for first degree rape of a child (domestic violence) because the trial court admitted ER 404(b) evidence without sua sponte giving the jury a limiting instruction regarding the limited purpose for which the evidence was admitted. The State argues that the trial court was not required to give a limiting instruction absent a request for such an instruction. We reverse the Court of Appeals and affirm Russell's conviction.

I. FACTUAL BACKGROUND AND PROCEDURAL INFORMATION
¶ 2 CR, born on May 22, 1992, was the youngest of Marilou Russell's five children. Marilou married Russell in 1995. Because Russell was in the navy, the family moved a lot, and between the years of 1995 and 2006 they moved from the Philippines to Japan, to Hawaii, to Washington, to Florida, to Indiana, and finally to Nevada. At trial, the State offered evidence that Russell engaged *605 in an escalating degree of sexual abuse against CR, beginning with caressing CR's body in Hawaii, proceeding to oral intercourse in Washington, and ultimately penile-vaginal intercourse in Florida and Indiana. Russell's abuse of CR is alleged to have continued until she reported the abuse around the age of 13 or 14.
¶ 3 The State charged Russell by amended information with first degree rape of a child (domestic violence) for the alleged abuse of CR occurring in Washington. Before trial, the State sought, under ER 404(b), to admit evidence of Russell's abuse of CR in Japan, Hawaii, Florida, and Indiana.
¶ 4 The State argued that while it intended to focus on the events in Washington, the evidence of these prior and subsequent acts of sexual misconduct was relevant because it was corroborative of the alleged sexual misconduct in Washington and showed Russell's "[lustful] disposition"[1] toward CR. 1 Verbatim Report of Proceedings at 22. The trial court excluded the evidence of abuse in Japan because CR had no independent recollection of those events. The trial court admitted the evidence of abuse in Hawaii, noting that concerns about CR's competency could be addressed on cross examination. The court also admitted evidence of abuse in Florida because it was not more prejudicial than probative.
¶ 5 The trial court did not give, and counsel for Russell did not request, a limiting instruction informing the jury to limit its consideration of the evidence of prior and subsequent sexual misconduct to the issue of lustful disposition and not to use it to infer Russell has a general propensity toward raping CR. The jury found Russell guilty as charged, and Russell appealed.
¶ 6 The Court of Appeals held that the trial court did not abuse its discretion under ER 404(b) by admitting evidence of prior and subsequent abuse in order to prove Russell's lustful disposition toward CR. State v. Russell, 154 Wash.App. 775, 784, 225 P.3d 478 (2010). However, the Court of Appeals went on to hold that even though the evidence was admissible, the trial court's failure to sua sponte give a limiting instruction was reversible error and was not harmless. Id. at 784-86, 225 P.3d 478. We granted the State's petition for review. State v. Russell, 169 Wash.2d 1006, 234 P.3d 1172 (2010).

II. ISSUES
A. Under RAP 2.5(a), should the Court of Appeals have denied review of Russell's claim of error regarding the jury instructions?
B. If the Court of Appeals properly granted review of the jury instruction issue, was the trial court required to sua sponte issue a limiting instruction regarding the limited purpose for the ER 404(b) evidence?

III. ANALYSIS

A. RAP 2.5(a)

¶ 7 Under RAP 2.5(a),[2] the State argues that Russell's failure to request a limiting instruction regarding the ER 404(b) evidence precludes Russell from claiming on appeal that the omission of the instruction was reversible error. Subject to three exceptions not applicable here, RAP 2.5(a) provides that if a party fails to raise an issue in *606 the trial court, the appellate court may decline to review the issue on appeal. However, the rule's use of the term "may" indicates that it is a discretionary decision to refuse review. Roberson v. Perez, 156 Wash.2d 33, 39, 123 P.3d 844 (2005) (citing State v. Ford, 137 Wash.2d 472, 477, 484-85, 973 P.2d 452 (1999)). Nothing in RAP 2.5(a) expressly prohibits an appellate court from accepting review of an issue not raised in the trial court. Id. Because the Court of Appeals accepted review, its decision on the limiting instruction issue is properly before this court.

B. Limiting instructions for ER 404(b) evidence

¶ 8 The State argues that the trial court is not required to sua sponte give a limiting instruction regarding ER 404(b) evidence admitted against a defendant. ER 105 provides, "When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." (Emphasis added.) Under the plain language of ER 105, the trial court has a duty to issue a limiting instruction only upon request for such an instruction. Nothing in ER 105 creates an affirmative duty on the part of the trial court to sua sponte give a limiting instruction in the context of ER 404(b) evidence. This holding is consistent with over 40 years of Washington case law expressly addressing this issue. In 1966, this court affirmed a conviction where the judge admitted evidence of quarrels between a defendant and a decedent for the purpose of proving motive. State v. Noyes, 69 Wash.2d 441, 446-47, 418 P.2d 471 (1966). In Noyes, no limiting instruction was requested by defendant but, for the first time on appeal, defendant raised as error the trial court's failure to sua sponte give a limiting instruction. Id. The Noyes court held that "a request for a limiting instruction is a prerequisite to a successful claim of error on appeal." Id. at 447, 418 P.2d 471.
¶ 9 Since Noyes, this court has continued to hold that absent a request for a limiting instruction, the trial court is not required to give one sua sponte. State v. Athan, 160 Wash.2d 354, 383, 158 P.3d 27 (2007) (the omission of a limiting instruction is not reversible error where defendant fails to request the instruction during trial); State v. Myers, 133 Wash.2d 26, 36, 941 P.2d 1102 (1997) ("The failure of a court to give a cautionary instruction is not error if no instruction was requested."); State v. Hess, 86 Wash.2d 51, 52, 541 P.2d 1222 (1975) (no reversible error for the lack of a limiting instruction where no instruction requested).
¶ 10 Russell argues that this court has created an exception to the above rule for cases involving evidence of prior acts of sexual misconduct admitted under ER 404(b) in prosecutions for sex crimes. The Court of Appeals agreed with Russell and held that the trial court erred by failing to sua sponte give a limiting instruction. Russell, 154 Wash.App. at 786, 225 P.3d 478. Both Russell and the Court of Appeals relied on cases where the issue of reversible error for failure to give a limiting instruction was not before the court. State v. Foxhoven, 161 Wash.2d 168, 163 P.3d 786 (2007); State v. Lough, 125 Wash.2d 847, 889 P.2d 487 (1995); State v. Brown, 113 Wash.2d 520, 782 P.2d 1013 (1989); State v. Saltarelli, 98 Wash.2d 358, 655 P.2d 697 (1982); State v. Goebel, 36 Wash.2d 367, 218 P.2d 300 (1950). Their reliance on the dictum in these cases is mistaken. As we have previously held, this court disavows any interpretation of our previous case law suggesting a trial court commits reversible error by failing to give a limiting instruction for ER 404(b) evidence absent a request for such an instruction. See Noyes, 69 Wash.2d at 446-47, 418 P.2d 471 ("Appellant relies on State v. Goebel, . . . where this court stated that in such circumstances it was the duty of the trial court to inform the jury of the limited purpose of the evidence, and to admonish them that it was to be considered for no other purpose. This court did not say that in the absence of a request by the objecting party it was error for the trial court not to give the limiting instruction sua sponte. Appellant has cited no authority so holding, and we are aware of none.").
*607 ¶ 11 Because neither Russell nor the State requested a limiting instruction for the ER 404(b) evidence, we hold that the trial court was not required to sua sponte give a limiting instruction.

IV. CONCLUSION
¶ 12 A trial court is not required to sua sponte give a limiting instruction for ER 404(b) evidence, absent a request for such a limiting instruction. We reverse the Court of Appeals, and affirm Russell's conviction and sentence.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, GERRY L. ALEXANDER, TOM CHAMBERS, SUSAN OWENS, JAMES M. JOHNSON, DEBRA L. STEPHENS, and CHARLES K. WIGGINS, Justices.
NOTES
[1] The record actually says "lawful disposition." 1 Verbatim Report of Proceedings at 22. However, from the context, it is clear that this is either a typographical error or the deputy prosecutor merely misspoke. The State clearly meant the proffered evidence showed Russell's lustful disposition.
[2] RAP 2.5(a) provides:

The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction. A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground. A party may raise a claim of error which was not raised by the party in the trial court if another party on the same side of the case has raised the claim of error in the trial court.