[No. 39870-2-II.   Division Two.   June 21, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY ALLEN
DOW, *Appellant*.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Jonathan L. Meyer, Prosecuting Attorney*, and *Sara I. Beigh, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — A jury found Jeffrey Dow guilty of first degree burglary, under RCW 9A.52.020(1)(b), and unlawful possession of a controlled substance (methamphetamine), under RCW 69.50.4013. Dow appeals only his burglary conviction, challenging several of the trial court's jury instructions. First, he assigns error to the trial court's duress jury instruction, asserting that the trial court did not explain that duress negates the intent element of burglary and requires that the State prove the absence of duress beyond a reasonable doubt. Next, Dow claims that the trial court had a duty to sua sponte provide a limiting instruction on the use of prior convictions admitted under ER 609(a)(2), and that failing to provide the instruction prejudiced him. Last, Dow asserts that he received ineffective assistance from his counsel related to these alleged jury instruction errors. Because the jury was properly instructed, we affirm.

## FACTS

¶2  Randy Blair testified that on the night of October 14, 2008, he woke up and found Paul Peterson and Dow inside his trailer home. Blair had previously purchased drugs from Peterson but had never met Dow. Peterson had a gun and demanded money from Blair to pay off a drug debt. When Blair said he did not have the money, Peterson looked at Dow and said, "[Y]ou know what you got to do." Report of Proceedings (RP) (Sept. 22, 2009) at 50. Dow then beat Blair's head and chest while Peterson pointed the gun in their direction. Blair testified that he did not recall Dow "ever appear[ing] to hesitate to hit [him]." RP (Sept. 22, 2009) at 81. At some point during the beating, Blair noticed that Peterson had left the trailer with the gun and he began fighting back; Blair testified that he thought Dow did not know Peterson had left because Peterson had been standing behind Dow. Blair grabbed a propane bottle, began swinging it around to fend off Dow, and the two continued fighting for about three to five minutes. Eventually, Dow fled from the trailer, Blair followed him, and Blair saw Dow jump into Peterson's car and drive away. Blair got the car's license plate number, went to a nearby house, and called 911. As a result of the attack, Blair sustained severe bruising on his head, a bloody nose, and two broken ribs.

¶3  Centralia police officers spotted Dow walking on a sidewalk the following day and arrested him. During a search incident to arrest, police found drugs and drug paraphernalia, including scales, "baggies" containing a white powdery substance later confirmed as methamphetamine, two syringes, and a spoon with residue on it in Dow's coat pocket.

¶4  The State charged Dow with first degree burglary and unlawful possession of a controlled substance (methamphetamine). Dow initially pleaded guilty to both charges. But he withdrew the plea when an offender score miscalculation changed his standard sentencing range. The case proceeded to trial in September 2009.

¶5 At trial, Dow testified that on the night of the incident, he and Peterson ingested drugs together and then Peterson wanted to collect a drug debt from him. Peterson offered to forgive Dow's debt if he helped collect Blair's drug debt.[1] Dow testified that there was no discussion of how they were going to collect the debt or that they would use violence to collect it, but Dow saw Peterson had a gun. Dow also testified that he was aware that Peterson's prior drug debt collection activities always involved getting "physical with somebody." RP (Sept. 23, 2009) at 170. Dow testified that he agreed to accompany Peterson because he was afraid of what Peterson might do to him if he refused. Dow testified that he believed if he did not cooperate with Peterson, he would be killed or seriously injured.

¶6 Dow testified that he and Peterson entered Blair's trailer. Dow told Blair he needed to "come up with some money" and then Peterson and Blair began arguing when Blair said that he could not pay his debt. RP (Sept. 23, 2009) at 171. Dow testified that Peterson placed the gun on his kidney and told him to "get [Blair]." RP (Sept. 23, 2009) at 172. Dow then hit Blair and continued hitting him because he was afraid to stop while Peterson stood behind "[his] back with the pistol." RP (Sept. 23, 2009) at 174. According to Dow, eventually Peterson stopped the fight and left, Dow collected some things off the floor that had fallen out of his pockets, and then he and Peterson left in a car and headed to a bar. The next day Dow got rid of Peterson's gun. Officer Ruben Ramirez testified that on the day of Dow's arrest, Dow gave a statement to police with details similar to his trial testimony.

¶7 At the end of Dow's cross-examination, he admitted, without objection, to having prior convictions for burglary and taking a motor vehicle without permission. Defense counsel did not request, and the trial court did not give, a

---

[1] We note that self-help debt collection, without a claim of ownership in the *specific* property acquired, is illegal. *See State v. Self*, 42 Wn. App. 654, 657, 713 P.2d 142, *review denied*, 105 Wn.2d 1017 (1986); *State v. Larsen*, 23 Wn. App. 218, 219, 596 P.2d 1089 (1979).

jury instruction limiting the jury's use of the prior conviction evidence. The trial court instructed the jury on the law of duress and that "[t]he burden is on the defendant to prove the defense of duress by a preponderance of the evidence." Clerk's Papers (CP) at 41; *see also* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 18.01, at 274 (3d ed. 2008) (stating in relevant part that "[t]he defendant has the burden of proving [duress] by a preponderance of the evidence").

¶8 A jury entered verdicts finding Dow guilty of first degree burglary and unlawful possession of a controlled substance (methamphetamine). The trial court sentenced Dow, who had an offender score of 9+, to 87 months of confinement and up to 36 months of community custody. Dow appeals only his burglary conviction.

## ANALYSIS

### DURESS DEFENSE JURY INSTRUCTION

¶9 Dow asserts that the trial court erred by instructing the jury that he had the burden of proving by a preponderance of the evidence that he acted under duress. Dow argues that after he asserted his duress defense, the State had the burden to disprove duress beyond a reasonable doubt because duress negates the intent element of first degree burglary. The State responds that Dow failed to preserve any error for review by not objecting to the duress jury instruction at trial and that nothing in Washington law supports Dow's argument that duress negates the intent element of first degree burglary. We discern no error.

■ ¶10 Generally, failing to object to a jury instruction at trial precludes appellate review of any alleged errors. CrR 6.15(c); *State v. Hickman*, 135 Wn.2d 97, 104-05, 954 P.2d 900 (1998). But a defendant may raise an error for the first time on appeal when it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Mills*, 154 Wn.2d 1, 6, 109 P.3d 415 (2005).

¶11 Dow did not comply with CrR 6.15(c)'s requirement to timely object to the jury instructions he seeks to chal-

lenge on appeal. But because Dow asserts that the jury instructions relieved the State of its burden of proving all required elements beyond a reasonable doubt, which would violate his due process rights, we review this issue. *State v. O'Hara*, 167 Wn.2d 91, 100-01, 217 P.3d 756 (2009); *State v. McCullum*, 98 Wn.2d 484, 487-88, 656 P.2d 1064 (1983).

¶12 We review alleged errors of law in jury instructions de novo. *State v. Barnes*, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005). Due process requires the State to prove every essential element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Deal*, 128 Wn.2d 693, 698, 911 P.2d 996 (1996). In order to prove first degree burglary under RCW 9A.52.020(1)(b), the State had to show that Dow (1) entered or remained unlawfully in a dwelling (2) with an intent to commit a crime against a person or property therein and (3) assaulted someone.

¶13 Duress is an affirmative defense that must be established by a preponderance of the evidence.[2] *State v. Harvill*, 169 Wn.2d 254, 258, 234 P.3d 1166 (2010); *State v. Frost*, 160 Wn.2d 765, 773, 161 P.3d 361 (2007), *cert. denied*, 552 U.S. 1145 (2008). The burden of proving duress is on the defendant. *Frost*, 160 Wn.2d at 773; *State v. Riker*, 123 Wn.2d 351, 368-69, 869 P.2d 43 (1994). Generally, the affirmative defense of duress *does not* negate an element of a charged offense; instead, a finding of duress excuses the defendant's otherwise unlawful conduct. *Frost*, 160 Wn.2d at 773-74; *Riker*, 123 Wn.2d at 368. A finding of duress is an excuse for committing an unlawful act, while self-defense is

---

[2] RCW 9A.16.060 provides, in relevant part, the governing law on duress defenses:

(1) In any prosecution for a crime, it is a defense that:
   (a) The actor participated in the crime under compulsion by another who by threat or use of force created an apprehension in the mind of the actor that in case of refusal he or she or another would be liable to immediate death or immediate grievous bodily injury; and
   (b) That such apprehension was reasonable upon the part of the actor; and
   (c) That the actor would not have participated in the crime except for the duress involved.

a defense based on performing a lawful act. *Compare Frost*, 160 Wn.2d at 773-74, *and Riker*, 123 Wn.2d at 368, *with State v. Box*, 109 Wn.2d 320, 329, 745 P.2d 23 (1987).

¶14 Here, the trial court properly instructed the jury on the law of duress in accord with RCW 9A.16.060 and stated that "[t]he burden is on the defendant to prove the defense of duress by a preponderance of the evidence." CP at 41. The trial court's jury instruction allocating the burden of proving duress to Dow was not error.

¶15 Dow cites *Dixon v. United States*, 548 U.S. 1, 6 n.4, 126 S. Ct. 2437, 165 L. Ed. 2d 299 (2006), to claim that duress negates the mens rea element in burglary charges. *Dixon* involved multiple convictions related to the illegal acquiring of firearms under federal laws that included mens rea requirements of acting "knowingly" and "willingly." 548 U.S. at 3-5. *Dixon* raised an argument similar to Dow's and the Supreme Court rejected it. 548 U.S. at 6-7. But the Supreme Court did state in a footnote, without further explanation, that "[a]s the Government recognized at oral argument, there may be crimes where the nature of the *mens rea* would require the Government to disprove the existence of duress beyond a reasonable doubt." *Dixon*, 548 U.S. at 6 n.4.

¶16 Dow asserts that first degree burglary is the type of crime covered by the *Dixon* Court's footnote. Dow cites no authority to support his position. " 'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.' " *State v. Logan*, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)). We are not persuaded by Dow's bald assertion.

¶17 Moreover, the State correctly analogizes Dow's argument to one rejected by Division One of the this court in *State v. Peters*, 47 Wn. App. 854, 737 P.2d 693, *review denied*, 108 Wn.2d 1032 (1987). *Peters* involved a claim that duress negated both the unlawful entry and intent ele-

ments of second degree burglary, and the State had the burden of disproving duress beyond a reasonable doubt. 47 Wn. App. at 859. Division One addressed and rejected Peters' argument that when a defendant admits the elements of burglary and claims that duress excuses his actions the State must prove the absence of duress beyond a reasonable doubt. *Peters*, 47 Wn. App. at 860. *Peters* is on all fours with the present case and supports our decision that the trial court properly instructed the jury on the law of duress in this case.

### LIMITING JURY INSTRUCTION CONCERNING PRIOR CONVICTIONS ADMITTED UNDER ER 609

¶18 Dow does *not* challenge the trial court's decision to admit evidence of his prior convictions. Instead, Dow challenges the trial court's failure to sua sponte give a limiting jury instruction on the use of prior conviction evidence admitted under ER 609.[3] Specifically, he argues that the trial court had a duty to ensure that the jury knew it could use evidence of his prior convictions to evaluate only his credibility and could not use it as propensity evidence. Moreover, Dow claims that the trial court's primary jury instruction requiring a consideration of "all of the evidence," and that his prior convictions included a burglary conviction, compounded the trial court's failure to instruct the jury on the permitted uses of his prior convictions evidence. Br. of Appellant at 8-9. The State responds that Dow's failure to request a limiting instruction constitutes a waiver of any error, that the trial court did not have a duty to give a limiting instruction, and, in the alternative, that any error is harmless. We hold that Dow failed to preserve this error for review by failing to request a limiting instruction as required by CrR 6.15.

---

[3] The State appears to believe that Dow also disputes under which rule of evidence the trial court admitted the prior conviction evidence (i.e., ER 404(b) or ER 609). But Dow argues that the convictions were admitted for impeachment purposes and that his alleged error is the trial court's failure to limit the use of this evidence to exclude its use as propensity evidence.

¶19 We review alleged errors of law in jury instructions de novo. *Barnes*, 153 Wn.2d at 382. When prior conviction evidence is admitted under ER 609(a)(2),[4] a limiting instruction *should* be given that the conviction is admissible only on the issue of the witness' credibility and that it may not be considered on the issue of guilt. *State v. Brown*, 113 Wn.2d 520, 529, 782 P.2d 1013, 787 P.2d 906 (1989); *City of Seattle v. Patu*, 108 Wn. App. 364, 376, 30 P.3d 522 (2001), *aff'd*, 147 Wn.2d 717, 58 P.3d 273 (2002). The potentially prejudicial nature of prior conviction evidence makes limiting instructions critically important. *Brown*, 113 Wn.2d at 529; *Patu*, 108 Wn. App. at 376. If counsel requests a jury instruction limiting the use of admitted ER 609 evidence, the trial court must give one. ER 105;[5] *Patu*, 108 Wn. App. at 377; *State v. Newbern*, 95 Wn. App. 277, 295-96, 975 P.2d 1041, *review denied*, 138 Wn.2d 1018 (1999).

¶20 Where a party fails to ask for a limiting instruction, however, he waives any argument on appeal that the trial court should have given the instruction. CrR 6.15; *State v. Athan*, 160 Wn.2d 354, 383, 158 P.3d 27 (2007) (stating that although a limiting instruction on the use of admitted hearsay evidence "is generally required, the failure of a court to give a limiting instruction is not error when no instruction was requested"); *State v. Stein*, 140 Wn. App. 43, 70, 165 P.3d 16 (2007) (refusing to consider an argument that a trial court should have given an unrequested limiting instruction on the use of admitted ER 404(b) evidence), *review denied*, 163 Wn.2d 1045 (2008); *Newbern*, 95 Wn. App. at 295-96 (refusing to hear a challenge to a trial court's

---

[4] ER 609(a)(2) allows for prior convictions involving dishonesty or false statements to be admitted for impeachment purposes. If a prior conviction falls within the scope of ER 609(a)(2), it is per se admissible requiring no balancing of its probative value and/or prejudicial effect. *State v. Brown*, 113 Wn.2d 520, 532-33, 782 P.2d 1013, 787 P.2d 906 (1989). At trial, Dow did not contest that his prior convictions were crimes of dishonesty and that they were properly admitted to impeach him.

[5] ER 105 states, "When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, *upon request*, shall restrict the evidence to its proper scope and instruct the jury accordingly." (Emphasis added.)

failure to give a limiting instruction on the use of prior inconsistent statements admitted for impeachment purposes when the defendant did not request a limiting instruction); *see* ER 105.

¶21 Here, Dow never requested a limiting instruction and has not preserved this issue for our review.

¶22 Dow cites two cases for the trial court's affirmative duty to provide a limiting instruction when prior conviction impeachment evidence is admitted. The first case, *Patu*, 108 Wn. App. 364, is factually distinguishable. Unlike Dow, Patu requested a limiting jury instruction on the use of prior conviction impeachment evidence that the trial court rejected because it believed a general credibility jury instruction adequately addressed the jury's use of the evidence. *Patu*, 108 Wn. App. at 376. Division One disagreed that a general credibility jury instruction allowed the trial court to deny the requested instruction, but it found the error harmless and affirmed. *Patu*, 108 Wn. App. at 376-77.

¶23 Dow also cites our recent decision in *State v. Russell*, 154 Wn. App. 775, 225 P.3d 478 (2010), *rev'd*, 171 Wn.2d 118, 249 P.3d 604 (2011). In *Russell*, we affirmed the trial court's decision admitting evidence of incidents occurring in other states as substantive evidence of Russell's "lustful disposition" under ER 404(b). 154 Wn. App. at 784. But we reversed Russell's conviction and remanded for a new trial because the trial court failed to sua sponte give an instruction stating that the jury could use the evidence only to determine Russell's lustful disposition. *Russell*, 154 Wn. App. at 784-86. Our Supreme Court recently reversed our decision in *Russell*, holding that when counsel fails to request a limiting instruction for admitted ER 404(b) evidence, the trial court is not required to sua sponte give a limiting instruction. 171 Wn.2d at 123-24. Thus, to the extent *Russell*, an ER 404(b) case, is persuasive authority in the present ER 609 limiting instruction case, our Supreme Court's *Russell* analysis supports our decision here.

¶24 Dow cites no authorities other than *Patu* and *Russell* for his argument and we have found none. Based on *Athan*,

*Brown, Stein, Patu,* and *Newbern,* as discussed above, counsel must request an instruction limiting the use of prior convictions admitted under ER 609 to preserve for review any error in the trial court's failure to giving a limiting instruction.

Ineffective Assistance of Counsel

¶25 Dow contends that he did not receive effective assistance of counsel because his attorney (1) failed to propose a limiting instruction on the use of the prior convictions admitted under ER 609 and (2) contributed to the allegedly inaccurate duress jury instruction. We disagree.

¶26 To establish ineffective assistance of counsel, Dow must show that (1) his counsel's performance was deficient and (2) the deficient performance resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland,* 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). To prevail on a claim of ineffective assistance of counsel, the defendant must overcome a strong presumption that defense counsel was effective. *Strickland,* 466 U.S. at 689; *McFarland,* 127 Wn.2d at 335.

¶27 "If trial counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim that the defendant received ineffective assistance of counsel." *State v. McNeal,* 145 Wn.2d 352, 362, 37 P.3d 280 (2002) (citing *State v. Adams,* 91 Wn.2d 86, 90, 586 P.2d 1168 (1978)). We can presume counsel did not request limiting instructions to avoid reemphasizing damaging evidence. *State v. Yarbrough,* 151 Wn. App. 66, 90, 210 P.3d 1029 (2009); *State v. Price,* 126 Wn. App. 617, 649, 109 P.3d 27, *review denied,* 155 Wn.2d 1018 (2005); *State v. Barragan,* 102 Wn. App. 754, 762, 9 P.3d 942 (2000); *State v. Donald,* 68 Wn. App. 543, 551, 844 P.2d 447, *review denied,* 121 Wn.2d 1024 (1993).

¶28 Here, Dow claims that his attorney should have requested a limiting jury instruction concerning the use of the admitted prior convictions under ER 609. But given

Dow's duress defense, the scope of a limiting instruction is not clear. Duress requires that Dow prove that but for Peterson's actions, Dow would not have burgled and beaten Blair. RCW 9A.16.060(1)(c). In this context, Dow's request for a limiting instruction, even if it applied to Dow's taking of a motor vehicle without permission conviction, could have opened the door to not only the fact that his prior conviction was for burglary, but also the specific circumstances surrounding his prior burglary conviction including, presumably, the absence of any coercive entity. Regardless, in this case, Dow admitted his prior convictions without fanfare and their existence does not appear to have significantly impacted the jury's verdict.

¶29 Moreover, the jury heard Dow testify that he was aware of Peterson's prior violent drug debt collection activity and may have accompanied him previously. In light of this testimony, it is not clear that Dow suffered any prejudice from his counsel's decision to not request a limiting instruction. And Dow cannot argue that simply because a trial tactic may have failed and impacted the outcome of his trial, it proves prejudice and establishes ineffective assistance of counsel. Criminal defendants are not guaranteed " 'successful assistance of counsel.' " *Adams*, 91 Wn.2d at 90 (quoting *State v. White*, 81 Wn.2d 223, 225, 500 P.2d 1242 (1972)); *see also Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993) (discussing that every counsel error that results in an adverse consequence for a defendant is not necessarily prejudicial in a *Strickland* analysis); *State v. Grier*, 171 Wn.2d 17, 43, 246 P.3d 1260 (2011) (stating that whether a "strategy ultimately proved unsuccessful is immaterial" and that "hindsight has no place in an ineffective assistance analysis" when discussing the deficient performance prong of an ineffective assistance of counsel claim).

¶30 Accordingly, it appears that defense counsel's failure to request a limiting instruction on the uses of the admitted ER 609 evidence was a legitimate trial tactic. Moreover, Dow did not prove any resulting prejudice. Dow's ineffective assistance of counsel claim fails.

¶31 Dow also claims that his counsel was ineffective for proposing allegedly faulty duress jury instructions. We have already determined that the trial court properly instructed the jury on the law of duress and did not err in refusing instructions that misstated the law. Any errors related to any of defense counsel's proposed duress jury instructions could not have prejudiced Dow. Because both *Strickland* prongs must be met to be successful in a claim of ineffective assistance of counsel, Dow's failure to show prejudice ends our inquiry, and his claim fails. *State v. Lord*, 117 Wn.2d 829, 884, 822 P.2d 177 (1991), *cert. denied*, 506 U.S. 856 (1992); *State v. Fredrick*, 45 Wn. App. 916, 923, 729 P.2d 56 (1986).

¶32 We affirm.

WORSWICK, A.C.J., and VAN DEREN, J., concur.