# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

SHAUN EUGENE KING,

Appellant.

No. 74420-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 6, 2017

LEACH, J. — Shaun King appeals his convictions for unlawful discharge of a firearm and assault in the third degree. He claims his counsel was ineffective for failing to request a curative instruction after successfully moving to exclude evidence that had already been introduced. Because King has not shown the absence of any tactical reason for this decision, we affirm.

## FACTS

One evening in November 2014, the Everett police received a call reporting gunshots in a north Everett neighborhood. An officer who responded to the call testified that he heard the sound of multiple gunshots coming from a detached garage. The police announced their presence on the car public address system and directed all persons inside to come out with their hands empty and raised above their heads. The police repeated the announcement a few times. Eventually King came out of the garage unarmed and lay facedown on the ground.

The police arrested King and searched him. During the search King spat, and the spit landed on the back of one officer.

The police then searched King's garage and the surrounding area. In the garage, they found shell casings, broken glass, a firearm magazine, and a block of wood with apparent bullet holes. The block appeared to have been used as a target. The police also found what appeared to be bullet holes in a recreational vehicle (RV) and aluminum structure across the alley from King's garage.

The State charged King with one count of assault in the third degree and one count of unlawful discharge of a firearm.

Pretrial, defense counsel unsuccessfully moved to exclude reference to holes in the RV and aluminum structure.

At trial, defense counsel used images of the RV and aluminum structure to cross-examine Officer Butch Rockwell. The court admitted these images as substantive evidence. Officer Rockwell testified that he saw "apparent bullet holes" in the RV. Officer Rockwell also testified that he saw an apparent exit of a bullet in the wall of King's garage, but he would not say they were "through and through" bullet holes.

On the second day of trial, defense counsel renewed his motion to exclude evidence of the holes in the RV and aluminum structure.[1] The court granted the motion, excluding the evidence under ER 403.[2]

---

[1] RCW 9.41.230(1)(b).

[2] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403.

Before closing arguments, the court decided to admit the images of the RV and the aluminum structure for illustrative purposes only. The parties were prohibited from using them in closing remarks, and they were not provided to the jury for use in its deliberation.

The jury convicted King as charged. King appeals.

ANALYSIS

Ineffective Assistance of Counsel

King claims that his counsel was ineffective for failing to ask the court to give the jury a limiting instruction on the evidence of apparent bullet holes in the structures across the alley from his garage.

Claims of ineffective assistance present mixed questions of law and fact, which we review de novo.[3] We examine the entire record to decide whether the appellant received effective representation and a fair trial.[4] To succeed in an ineffective assistance claim, King must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced him.[5] We give defense counsel's performance a great deal of deference, and the defendant must overcome a strong presumption of reasonableness.[6] The reasonableness inquiry requires the defendant to show the

---

[3] In re Pers. Restraint of Fleming, 142 Wn.2d 853, 865, 16 P.3d 610 (2001).
[4] State v. Hicks, 163 Wn.2d 477, 486, 181 P.3d 831 (2008).
[5] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
[6] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

absence of legitimate strategic or tactical reasons for the challenged conduct.[7] Because King does not show his counsel's performance fell below an objective standard of reasonableness, his ineffective assistance claim fails.

King contends that no reasonable strategic basis could explain why his counsel did not ask for a limiting instruction. But Washington courts have routinely found that similar decisions could be made for strategic reasons.[8] Here, as defense counsel argued to the trial court, he considered the evidence to be prejudicial. As a matter of strategy, he might therefore choose not to highlight that evidence. After successfully barring the State from further discussing the holes, defense counsel could reasonably decide not to ask the court to mention the holes, even in the context of a limiting instruction. King does not show that his counsel lacked a tactical reason for not requesting a limiting instruction.

Further, the record demonstrates counsel's efforts to minimize the impact of the evidence. He asked that the images of the RV and aluminum structure be removed from substantive evidence so they could not be viewed by the jury during deliberations. He also confirmed that the State would not be able to use those

---

[7] State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995).

[8] State v. Dow, 162 Wn. App. 324, 335-36, 253 P.3d 476 (2011) (where the court could conceive that failure to request a limiting instruction on the uses of the admitted ER 609 evidence was a legitimate tactic to avoid opening the door for admission of harmful evidence); State v. Yarbrough, 151 Wn. App. 66, 90-91, 210 P.3d 1029 (2009) ("[F]ailure to request a limiting instruction for evidence admitted under ER 404(b) may be a legitimate tactical decision not to reemphasize damaging evidence."); State v. Donald, 68 Wn. App. 543, 551, 844 P.2d 447 (1993).

images in closing argument. These actions support a conclusion that King's counsel made a strategic decision not to request a limiting instruction.

King fails to demonstrate that his counsel's performance was deficient. Because King fails to establish this prong, his ineffective assistance of counsel claim fails, and we need not inquire further.[9]

### Appellate Costs

King asks the court to deny the State appellate costs. Newly amended RAP 14.2 requires us to follow a trial court finding of indigency unless the State provides sufficient new evidence to overcome that finding:

> When the trial court has entered an order that an offender is indigent for purposes of appeal, that finding of indigency remains in effect, pursuant to RAP 15.2(f), unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency.

Here, the trial court waived all nonmandatory fees due to King's indigency and permitted King to appeal his judgment and sentence at public expense. RAP 14.2 places the burden on the State to show King's position has changed. The State has not done so. Thus, we presume that King remains indigent and waive costs of appeal.

---

[9] See State v. Hendrickson, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

## CONCLUSION

Because King cannot show the absence of a tactical reason for failing to request a limiting instruction, his ineffective assistance of counsel claim fails. Accordingly, we affirm.

_Leach, J._

WE CONCUR:

_Trickey, ACJ_          _Appelwick_

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 MAR -6 AM 9: 08