[No. 13606-0-III.   Division Three.   July 27, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY NEIL HYATT, *Appellant*.

*James J. Barlow*, of *Barlow & Associates*, for appellant.

*John Grasso, Deputy Prosecuting Attorney*, for respondent.

SWEENEY, J. — CrR 3.3 requires that a defendant be arraigned not later than 14 days after the date an information is filed directly in superior court. The same rule requires that a defendant be brought to trial not later than 60 days after the date of arraignment if the defendant is incarcerated, or 90 days if he is not. Timothy Hyatt maintains that he was not brought to trial within the requirements of CrR 3.3 and that the trial court erred in refusing to dismiss his case. We disagree and affirm.

What follows is a chronology of material events:

| February 17, 1993 | Mr. Hyatt breaks into the LaPause Cafe and steals approximately $3,887 in equipment and cash. |
| April 28 | Information filed in superior court. Mr. Hyatt does not appear for arraignment and a bench warrant is issued. |
| May 25 | Mr. Hyatt turns himself in and is placed in jail. |
| July 27 | Mr. Hyatt is released. |
| July 28 | Mr. Hyatt is arraigned on second-degree burglary and at that time objects to the timeliness of the arraignment. Trial is scheduled for August 18, 1993. |
| August 18 | The parties move for a continuance to September 20, 1993. The motion is granted. |
| September 20 | Defense moves for a continuance to October 20, 1993. The motion is granted. |
| October 6 | Mr. Hyatt again moves for dismissal based on speedy trial violation. The motion is denied. The trial judge finds him guilty of second-degree burglary based on stipulated facts. |

The July 28 arraignment violated the 14-day rule of

CrR 3.3. Upon timely objection to the date of arraignment, the trial court must establish a "constructive arraignment" date based on the last day the defendant could have been properly arraigned. CrR 3.3(c)(4); *State v. Greenwood*, 120 Wn.2d 585, 598-99, 845 P.2d 971 (1993). Here, the court properly set the constructive arraignment date as June 8, 14 days after Mr. Hyatt's arrest on May 25. It properly excluded the 27-day period he was unavailable and subject to arrest. *Greenwood*, 120 Wn.2d at 600; *State v. Striker*, 87 Wn.2d 870, 873, 557 P.2d 847 (1976).

█ Excluding the two continuances (August 18 and September 20), the State had 60 days to bring Mr. Hyatt to trial if he were in custody, or 90 days if he were released. CrR 3.3(c)(1). Mr. Hyatt had been incarcerated for 49 days after his constructive arraignment (June 8 to July 27), 11 days less than the 60-day maximum provided by CrR 3.3(c)(1). After his release, the State was entitled to the full 90 days permitted for a defendant who is not in custody. *State v. Kelly*, 60 Wn. App. 921, 926, 808 P.2d 1150 (1991) ("when a judge releases a defendant from custody, the 90 day limit becomes effective irrespective of whether he is released from custody on the 6th day or the 60th day"). The 90-day period ended on September 6; since trial was originally set for August 18,[1] Mr. Hyatt's CrR 3.3 speedy trial rights were not violated. CrR 3.3(c)(1).

██ We likewise find that the delay in arraignment did not violate Mr. Hyatt's constitutional rights to a speedy trial. Both the federal and Washington state constitutions guarantee a speedy trial for criminal defendants. U.S. Const. amend. VI; Const. art. I, § 22 (amend. X). The threshold for a constitutional violation, however, is much higher than that for a violation of the superior court rules. *State v. Fladebo*, 113 Wn.2d 388, 393, 779 P.2d 707 (1989). The court must balance the length of the delay, the reason for the delay, whether or not the defendant asserted

---

[1]Mr. Hyatt does not assign error to the court's exercise of discretion in granting continuances to September 20 and October 20.

the right, and the prejudice to the defendant with any other relevant factors. *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *Fladebo*, 113 Wn.2d at 393. The time in which Mr. Hyatt's arraignment was delayed was relatively short[2] and he presented no evidence of prejudice as a result of the delay.

Mr. Hyatt's right to speedy trial was not violated.

Affirmed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

---

[2]*See Fladebo*, 113 Wn.2d at 394 (delay in filing second charge over 90 days after arraignment for the first charge held "relatively short" under constitutional standard for speedy trial).