[No. 13830-5-III.   Division Three.   December 12, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v.
GUILLERMO CABRASCO MEDRANO, *Appellant*.

---

*James E. Egan*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *Steve Cox, Deputy*, for respondent.

SWEENEY, A.C.J. — Guillermo Medrano was charged with residential burglary. Residential burglary requires proof of, among other things, intent.[1] Medrano admits burglarizing the home, but claims a combination of drugs and alcohol diminished his capacity and prevented him

[1] RCW 9A.52.025(1).

from forming the necessary intent to commit the crime. During voir dire, the State exercised one of its peremptory challenges and struck an African-American juror, who was a former public health nurse with experience with people high on drugs and alcohol as part of her job. Medrano objected. The State explained that the challenge was because of her experience as a public health nurse, not her race.

Dr. George Wang testified for the State that Medrano was not suffering from diminished capacity at the time of the burglary. His opinion was based in part on Medrano's prior convictions for second degree burglary and second degree theft. And he accordingly referred to those convictions during his testimony.

The jury found Medrano guilty and the court imposed a sentence within the standard range. He appeals and assigns error to three of the trial court's actions. First, the court erroneously concluded it did not have discretion to sentence him below the standard range because the mitigating factors offered did not relate to either the nature of the crime or Medrano's degree of participation. Next, it erred in permitting Dr. Wang to talk about his prior criminal history. And finally, the court should have disallowed the State's challenge to the African-American juror because of *Batson v. Kentucky*.[2] We review each assignment in order.

■ Sentencing Discretion. We begin our analysis by noting that "[a] sentence within the standard range for the offense shall not be appealed."[3] Accordingly, as a matter of law, there can be no abuse of discretion in the trial court's sentence if the sentence is within the standard

---

[2]476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), *modified*, *Powers v. Ohio*, 499 U.S. 400, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991).

[3]RCW 9.94A.210(1); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994) (refusing to consider an appeal of a standard range sentence when the challenge is to whether the trial court failed to consider a mitigating factor).

range.[4] The only statutory basis for appeal of a standard range sentence is failure to comply with applicable procedures mandated by RCW 9.94A.110 and RCW 9.94A.370(2).[5] Here, no procedural error has been raised.[6] Whether the trial court failed to consider an appropriate mitigating factor was the same issue considered by the Court of Appeals and reversed by the Supreme Court in *Friederich-Tibbets.*[7]

■ Even if the sentence were appealable, the mitigating factors urged by Medrano are not grounds for an exceptional sentence downward. "An exceptional sentence is appropriate only when the circumstances of the crime distinguish it from other crimes of the same statutory category."[8] The factors cited by Medrano do not relate to the circumstances of the crime but to his behavior after his conviction[9] and do not therefore warrant an exceptional sentence downward.[10]

■ Prior Convictions. Medrano's complaints about Dr. Wang's references to his prior criminal convictions are a bit troublesome because Medrano himself also referred to those convictions before Dr. Wang testified. Any error

---

[4]*State v. Duke*, 77 Wn. App. 532, 536, 892 P.2d 120 (1995).

[5]*State v. Mail*, 121 Wn.2d 707, 713, 854 P.2d 1042 (1993).

[6]*Friederich-Tibbets*, 123 Wn.2d at 252; *see also Mail*, 121 Wn.2d at 713 (indicating the two procedural errors that would be appealable).

[7]*Compare State v. Friederich-Tibbets*, 70 Wn. App. 93, 96-97, 853 P.2d 457 (1993), *rev'd*, 123 Wn.2d 250, 866 P.2d 1257 (1994), *with Friederich-Tibbets*, 123 Wn.2d at 252.

[8]*State v. Pennington*, 112 Wn.2d 606, 610, 772 P.2d 1009 (1989); *see also State v. Hodges*, 70 Wn. App. 621, 625, 855 P.2d 291 (1993) (declining to follow the Court of Appeals' decision in *Friederich-Tibbets*, 70 Wn. App. 93), *review denied*, 124 Wn.2d 1013 (1994).

[9]Medrano cites the following circumstances as justifying an exceptional sentence downward: (1) he had joined a church; (2) he had been faithfully tithing to that church; (3) he attends the church regularly with his wife and children; (4) the pastor testified that Medrano had engaged in no illegal activities since April 7, 1993; (5) he had a stable job and a good relationship with the people around him; (6) he worked continuously; (7) he had a big change in his life; and (8) he had paid $1,300 in restitution over the year prior to his sentencing.

[10]*Hodges*, 70 Wn. App. at 625-26.

would therefore be harmless error.[11] Here, however, there was no error.

Evidence of other crimes is not admissible to prove character or "to show action in conformity therewith," but is admissible for other purposes, such as to prove intent.[12] Two requirements must first be met. "First, the evidence must be shown to be logically relevant to a material issue before the jury. . . . Second, if the evidence is relevant its probative value must be shown to outweigh its potential for prejudice."[13]

Here, as a matter of logical probability, convictions (or pleas) of guilty to other crimes requiring intent make it less likely that Medrano could not form the requisite intent for the current burglary. The opinion was, therefore, relevant to the issue of intent.[14] But even laying that aside, it is clear that the prior convictions supported Dr. Wang's conclusion that Medrano was not suffering from diminished capacity. ER 703 permits an expert to reasonably rely upon facts or data, not admissible in evidence, in forming opinions or inferences if of a type reasonably relied upon by experts in the particular field. Evidence of prior crimes was therefore relevant.

The second step—weighing the probative value of the evidence against its prejudicial effect—is a discretionary call of the trial court.[15] Again we do not see the prejudice here when the first mention of these prior crimes was by Medrano. The casual reference by Dr. Wang to Medrano's admission of his prior convictions does not create prejudice beyond that already created when

---

[11]*State v. Jackson*, 102 Wn.2d 689, 695, 689 P.2d 76 (1984).

[12]ER 404(b); *State v. Robtoy*, 98 Wn.2d 30, 41-42, 653 P.2d 284 (1982).

[13]*Robtoy*, 98 Wn.2d at 42.

[14]ER 404(b). Medrano contends that the State never moved to admit the testimony pursuant to ER 404(b). But the trial court's admission of the testimony will not be in error if another basis supports the trial court's conclusion. *State v. Mutchler*, 53 Wn. App. 898, 903, 771 P.2d 1168, *review denied*, 113 Wn.2d 1002 (1989).

[15]*Robtoy*, 98 Wn.2d at 42.

Medrano previously admitted the convictions.[16] The trial court did not err in permitting Dr. Wang to refer to the prior crimes.

Batson Challenge. The equal protection clause prohibits the State from using peremptory challenges to exclude otherwise qualified and unbiased persons from the jury solely because of race.[17]

■■ In order to sustain such an objection, the defendant must first make out a prima facia case of purposeful discrimination in jury selection.[18] The steps for establishing the prima facia case are set out in *State v. Burch.*[19] He must first show the peremptory challenge was exercised against a member of a constitutionally cognizable racial group. He must next show that use of the peremptory challenge and other relevant circumstances raise an inference of discrimination.[20] Circumstances may include a pattern of strikes against members of a constitutionally cognizable group and the prosecutor's questions or statements during voir dire examination.[21] Only after the defendant satisfies the first two requirements does the burden shift to the prosecutor to present a neutral explanation for the challenge in question.[22] Here, that burden never shifted. The trial court's decision is a finding of fact and will be given great deference by this court.[23]

Medrano relies on the New York case of *People v.*

---

[16]*See State v. Willis*, 67 Wn.2d 681, 688-89, 409 P.2d 669 (1966) (finding inadvertent reference not prejudicial when defendant admits subsequently to prior convictions).

[17]*Batson*, 476 U.S. at 89.

[18]*State v. Sanchez*, 72 Wn. App. 821, 825, 867 P.2d 638 (1994).

[19]65 Wn. App. 828, 840, 830 P.2d 357 (1992).

[20]*Burch*, 65 Wn. App. at 840.

[21]*Burch*, 65 Wn. App. at 840.

[22]*Sanchez*, 72 Wn. App. at 825-26.

[23]*Sanchez*, 72 Wn. App. at 826.

*Bennett*,[24] for the proposition that occupation may not be used as the basis for a peremptory challenge. His reliance is misplaced. In *Bennett*, an African-American woman was challenged because she worked for the Department of Income Maintenance, which the State described as a "liberal" profession. The State believed that the juror would be more sympathetic to the defendant, whom the prosecutor described as "underprivileged." But at the *Batson* hearing, the State admitted it did not know if the defendant was underprivileged and did not consider him to be so. Thus, this potential juror was challenged solely due to her employment at the Department of Income Maintenance. The court concluded that "[w]hile a person's employment or lack of employment may, in an appropriate case, constitute a legitimate race-neutral explanation for exclusion, it must somehow be related to the factual circumstances of the particular case . . . ."[25]

■ A juror's familiarity with the subject matter of anticipated expert testimony is not an uncommon ground for a peremptory challenge. The concern—a race-neutral concern—is that the juror will substitute his or her own expertise for that of the expert. Here, the juror had considerable professional experience with people suffering from the effects of drugs and alcohol. That is a race-neutral and nonpretextual reason for striking a juror.

The judgment and sentence of the trial court are affirmed.

MUNSON and SCHULTHEIS, JJ., concur.

---

[24]206 A.D.2d 382, 614 N.Y.S.2d 430, 432 (1994).

[25]*Bennett*, 614 N.Y.S.2d at 432.