10 P.3d 504 (2000)
102 Wash.App. 907
STATE of Washington, Appellant,
v.
Christopher LOGAN, Respondent.
No. 44529-4-I.
Court of Appeals of Washington, Division 1.
October 16, 2000.
James M. Whisman, King County Dep. Prosecutor, Seattle, for Appellant.
Michael Danko, Seattle, for Respondent.
WEBSTER, J.
The State appeals the trial court's dismissal of the charges against Christopher Logan for a violation of his right to a speedy trial. Because the speedy trial period had expired, we affirm.

FACTS
In the early morning of January 1, 1999, Christopher Logan struck Forrest DeWitt several times in the face. DeWitt's injury required reconstructive surgery; two titanium plates were placed in his face to repair the damage.
On January 1, 1999, the City of Seattle charged Logan with two counts of fourth degree assault. On January 4, 1999, he was arraigned and entered pleas of not guilty. He was released on his personal recognizance.
A pretrial hearing was scheduled for January 26, 1999. On that date, Logan obtained a *505 continuance of the pretrial hearing to February 8, 1999 and entered a 14 day waiver of speedy trial.
After the seriousness of DeWitt's injuries became clear, on March 3, 1999, the fourth degree assault charges were dismissed and the King County Prosecuting Attorney charged Logan with one count of second degree assault and one count of third degree assault. On March 9, 1999, Logan was arrested and arraigned on the new felony charges.
On March 24, 1999, Logan, still in custody, filed a motion to dismiss for violation of speedy trial.
The chronology of events relevant to the speedy trial issue is as follows:
January 1, 1999 Complaint filed in Seattle Municipal
 court; Logan in custody
January 4, 1999 Logan arraigned and released
January 26 to
February 8, 1999 14 day speedy trial waiver
March 3, 1999 Municipal case dismissed without
 prejudice; information filed in King
 County Superior Court
March 8, 1999 Logan Arrested
March 11, 1999 Logan Arraignedremains in
 custody
March 23, 1999 Case Scheduling Hearing
March 25, 1999 Dismissal Granted
Logan's motion to dismiss for failure to bring him to trial within the speedy trial period was heard by Judge DuBuque on March 25, 1999. The trial court indicated that the defendant's speedy trial time expired before the case ever got to case setting. The court then entered an order dismissing the charges with prejudice.
The State appeals, contending that Judge DuBuque's dismissal should be reversed.

DISCUSSION
The State argues that the trial court erred in failing to apply the "revocation of release" provisions of CrR 3.3(d)(1) to extend the speedy trial period from 60 to 90 days. CrR 3.3(d)(1) applies to defendants who have been released from custody pending trial, but whose release is revoked by order of the court. Because Logan remained in custody from the date of his arraignment in Superior Court, and was never released, CrR 3.3(d)(1) does not apply to this case.
The application of a court rule to particular facts is a question of law reviewable de novo. State v. Carlyle, 84 Wash.App. 33, 35, 925 P.2d 635 (1996). CrR 3.3(c)(2) reads in pertinent part as follows:
A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment, less time elapsed in district court. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court.

...
`Time elapsed in district court' means... if at the time a complaint is filed with the district court a defendant is detained in jail or subjected to conditions of release, time elapsed in district court commences on the date the complaint is filed.
CrR 3.3(c)(2)(i) and (ii). The rule applies to municipal courts. State v. Duffy, 86 Wash. App. 334, 343, 936 P.2d 444 (1997). Failure to bring a criminal charge to trial within the applicable time period will result in the charge being dismissed with prejudice. CrR 3.3(i).
Logan was detained in jail following the filing of charges in Superior Court. Thus, his trial should have been scheduled within 60 days of his arraignment in Superior Court, less time elapsed in Municipal Court. Logan was in jail when the complaint was filed in the Municipal Court, so time elapsed in Municipal Court commenced on January 1, 1999. Logan was charged on January 1, 1999 and the charges were dismissed March 3, 1999, a total of 62 days. Application of the 14-day waiver results in 48 days of speedy trial time having elapsed in municipal court. Thus, applying the 60-day rule, the State had until March 23 (12 days from arraignment) to bring Logan to trial.
*506 Both parties concede that Logan was not brought to trial within the 60-day time period. Nevertheless, the State argues that the "revocation of release" provisions of CrR 3.3(d)(1) operate to extend the speedy trial period from 60 to 90 days where, as here, a defendant is in and out of custody. The State's argument, while creative, is meritless and not supported by decisional or statutory law.[1] CrR 3.3(d)(1) applies to defendants who have been released from custody pending trial, but whose release is revoked by order of the court. This situation is not present here. Logan remained in custody from the date of his arraignment in Superior Court. He was never released, nor was a court order entered revoking his release. Therefore, CrR 3.3(d)(1) does not apply to this case.
The State would have this Court believe that there is a provision in CrR 3.3 which provides that, so long as a defendant spends less than 60 days in custody, he may be tried within 90 days of arraignment. A thorough and exhaustive search of the rule reveals no such provision. While the State urges this court to "harmonize" the speedy trial rules, no harmonization is necessary. The application of the plain language of the rule mandates dismissal in this case.
The Supreme Court held over two decades ago, "unless a strict rule is applied, the right to a speedy trial as well as the integrity of the judicial process, cannot be effectively preserved." State v. Striker, 87 Wash.2d 870, 877, 557 P.2d 847 (1976). The State argues against this strict application of the speedy trial rules, contending that complying with them is a constant struggle. But as one California court observed, "We long ago learned, from our Anglo Saxon jurisprudential history, that the crown does not win or lose a case, it merely sees that justice is done. The primary function of the office of prosecutor is to diligently and vigilantly pursue those who are believed to have violated the criminal codes of the state." People v. Hartman, 170 Cal.App.3d 572, 216 Cal.Rptr. 641, 648-49 (1985). The remedy of dismissal exists to ensure that justice is done and that the State is diligent in prosecuting defendants. The trial court did not err in dismissing the charges based on its conclusion that the speedy trial period had expired.
We affirm.
NOTES
[1] The State cites no authority to support its argument. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wash.2d 122, 126, 372 P.2d 193 (1962). While the State cites State v. Kelly, 60 Wash.App. 921, 808 P.2d 1150 (1991) and State v. Hyatt, 78 Wash.App. 679, 898 P.2d 362 (1995), neither case supports the State's argument. Both cases involved defendants who were released pending trial, a crucial fact which is not present in this case.