2013 JUN 17 AM 8:57 COURT OF APPEALS DIV STATE OF WASHINGTON FILED

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68032-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS D. WILLIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 17, 2013 |
| | ) | |

LAU, J. — Marcus Willis appeals his standard range sentence for delivery of cocaine. Finding no error, we affirm.

## FACTS

Marcus Willis pleaded guilty to second degree burglary, third degree assault-domestic violence, and delivery of cocaine. The statement of defendant on plea of guilty informed Willis, "The judge does not have to follow anyone's recommendation as to sentence" and "[i]f the sentence is within the standard range, no one can appeal the sentence." At the plea hearing in June 2010, the prosecutor asked Willis if he understood that concept:

> And do you understand that though the judge will listen - - the sentencing judge will listen to everyone's recommendation as to what your sentences should be. . . . [S]he doesn't have to follow [anyone's] recommendation and could sentence you up to the maximum allowed by law on each case?

Report of Proceedings (RP) (June 14, 2010) at 12-13. Willis replied, "Yes." RP (June 14, 2010) at 13.

Near the end of the plea colloquy, defense counsel stated that he had reviewed all of the statements with Willis and was satisfied that Willis understood the consequences of his pleas. The court then conducted its own plea colloquy. Willis responded "yes" when the court asked him if he understood everything the prosecutor had asked. The court was satisfied that defense counsel had ample opportunity to review Willis's pleas with him and found that Willis "made a knowing, intelligent, and voluntary waiver of [his] rights" in each case and was "aware of the consequences of [his] pleas." RP (June 14, 2010) at 20. Willis reviewed the statement of defendant on plea of guilty with the prosecutor, defense counsel, and the court and signed the document on the record.

At the sentencing hearing in July 2010, the State and defense counsel presented an agreed recommendation for concurrent sentences of 68 months for the burglary charge, 60 months for the assault charge, and 75 months for the cocaine delivery charge based on an agreed offender score of 11. The recommendations for the burglary and assault charges reflected the high end of the standard range for each charge. Willis's standard range for the cocaine delivery charge was 60 to 120 months.

The sentencing court questioned whether "75 months [on the cocaine delivery charge] is sufficient given this gentleman's history and the conduct in these cases." RP

(July 2, 2010) at 25. The court told Willis that it had compared the probable cause certification for his prior 2004 assault case with the facts of the current assault case and "really questioned whether [Willis] had learned anything from that 2004 experience." RP (July 2, 2010) at 30. After Willis gave an explanation, the court gave its reasoning before imposing sentence:

> I look at the crimes before me here and I look at your history, and I - - and I've listened to you, and I must say that I'm not convinced that you are able to make the kinds of changes that would be necessary for me to feel like people will be safe with you, in particular that women will be safe with you.

RP (July 2, 2010) at 32. The court then adopted the agreed recommendation for the burglary and assault charges but imposed 100 months—more than the agreed recommendation but still within the standard range—for the cocaine delivery charge. In doing so, the court "[took] into account the length of the offender score as well as the other factors . . . taken into account here." RP (July 2, 2010) at 33.

In November 2011, Willis moved to modify his sentence for specific performance under CrR 7.8(b)[1] and for review on the merits under RAP 7.2(e). The court denied his motion. Willis appeals.

---

[1] Willis apparently abandons his specific performance argument on appeal. Nevertheless, we note that specific performance of a plea bargain requires only that the prosecutor recommend what he or she agreed to recommend. In re Pers. Restraint of Powell, 117 Wn.2d 175, 199, 814 P.2d 635 (1991). As discussed below, the sentencing court is not bound by the recommendations in the plea agreement. State v. Harrison, 148 Wn.2d 550, 557, 61 P.3d 1104 (2003); State v. Henderson, 99 Wn. App. 369, 376, 993 P.2d 928 (2000). Specific performance entitles Willis only to the State's recommendation, not to the sentence he and the State agreed upon. Harrison, 148 Wn.2d at 557; Henderson, 99 Wn. App. at 376-77. Because the State honored the plea agreement and recommended 75 months for the cocaine delivery charge, Willis received specific performance.

ANALYSIS

Willis contends that the sentencing court violated his right to due process of law by departing from the parties' agreed recommendation for the cocaine delivery charge. He specifically contends that the court's decision was "based on facts relating solely to a different count of conviction." Appellant's Br. at 1. The State responds that Willis fails to establish a constitutional violation and, thus, RCW 9.94A.585(1)[2] bars his appeal.

We first note that a trial judge is "under no obligation to explain [her] reason for imposing a sentence at the high end of the standard range." State v. Mail, 121 Wn.2d 707, 714, 854 P.2d 1042 (1993). But here, as in Mail, "it is [her] discretionary decision to do so that forms the basis for this appeal." Mail, 121 Wn.2d at 714.

Generally a party cannot appeal a standard range sentence. RCW 9.94A.585(1) ("A sentence within the standard sentence range . . . shall not be appealed"); State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003); State v. Smith, 118 Wn. App. 288, 292, 75 P.3d 986 (2003). Judges are afforded "nearly unlimited discretion" in determining an appropriate sentence within the standard range. Mail, 121 Wn.2d at 711-12 n.2. "[S]o long as the sentence falls within the proper presumptive sentencing ranges set by the legislature, there can be no abuse of discretion as a matter of law as to the sentence's length." Williams, 149 Wn.2d at 146-47; see also State v. Medrano, 80 Wn. App. 108, 111-12, 906 P.2d 982 (1995). Mail makes clear that a sentencing court may consider multiple sources of information in imposing a standard range sentence: "[T]he sentencing court must consider information presented pursuant to [the

---

[2] As discussed below, RCW 9.94A.585(1) bars, with limited exceptions, appeals of standard range sentences.

relevant Sentencing Reform Act provisions in effect at the time], <u>but may also consider other sources of information in arriving at a sentence within the standard range.</u>" <u>Mail</u>, 121 Wn.2d at 711 (emphasis added). Further, a sentencing court is not bound by any recommendations contained in a plea agreement. <u>State v. Harrison</u>, 148 Wn.2d 550, 557, 61 P.3d 1104 (2003); <u>Henderson</u>, 99 Wn. App. at 376.

Notwithstanding the general prohibition against review of standard range sentences, a party may challenge the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing provision. <u>Williams</u>, 149 Wn.2d at 147; <u>Mail</u>, 121 Wn.2d at 712. "Thus, it is well established that appellate review is still available for the correction of legal errors or abuses of discretion in the determination of what sentence applies." <u>Williams</u>, 149 Wn.2d at 147; <u>State v. Herzog</u>, 112 Wn.2d 419, 423, 771 P.2d 739 (1989). Consequently, we will review a standard range sentence resulting from constitutional error, procedural error, an error of law, or the trial court's failure to exercise its discretion. <u>See</u>, <u>e.g.</u>, <u>Williams</u>, 149 Wn.2d at 147; <u>Mail</u>, 121 Wn.2d at 713; <u>State v. Ammons</u>, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986); <u>State v. McGill</u>, 112 Wn. App. 95, 100, 47 P.3d 173 (2002); <u>State v. Garcia-Martinez</u>, 88 Wn. App. 322, 329, 944 P.2d 1104 (1997); <u>State v. Sandefer</u>, 79 Wn. App. 178, 181, 900 P.2d 1132 (1995).

Willis argues that the trial court violated his due process rights when it "imposed a sentence of 100 months on the [cocaine delivery] count based [on] facts inhering in a different count of conviction." Appellant's Br. at 3 (boldface omitted). Specifically, he claims the trial court "based its departure from the prosecutor's recommendation of 75 months on the [cocaine delivery] count, on facts inhering in the current domestic assault

conviction." Appellant's Br. at 4. To the extent he asserts a constitutionally improper basis for the sentence imposed, review is appropriate. Sandefer, 79 Wn. App. at 181.

Willis's constitutional argument depends on the proposition that "due process protection is violated, despite the trial court's authority to impose a sentence within the standard range, where a court bases its sentence on one count of conviction on facts relating to an entirely different, unrelated count." Appellant's Br. at 5. But he cites no relevant authority supporting his contention that a sentence within the standard range violates due process because the court considered the defendant's criminal history in determining the appropriate sentence.[3] See State v. Logan, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) ("'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'") (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)). To the contrary, our case law indicates that courts may consider multiple sources of information in imposing a standard range

---

[3] Willis cites Persinger v. Rhay, 52 Wn.2d 762, 329 P.2d 191 (1958), and Moon v. Cranor, 35 Wn.2d 230, 212 P.2d 775 (1949), for the proposition that "in a criminal case, the court is only empowered to enter a sentence prescribed for the crime charged." Appellant's Br. at 6. Those cases are factually distinguishable. Willis correctly states Persinger's and Moon's holding that a defendant should be sentenced for the crime to which he or she actually pleaded guilty, but those cases involved defendants who argued that they were sentenced for crimes for which they had not been charged. See Persinger, 52 Wn.2d at 768 (defendant pleaded guilty to misdemeanor crimes but was erroneously sentenced to felony charges; court held that the sentencing court exceeded the maximum sentence for the crime committed); Moon, 35 Wn.2d at 231-32 (noting that a defendant cannot be charged for one crime and sentenced for another, but rejecting the defendant's argument that the sentencing court committed such an error in the particular case). In contrast, Willis pleaded guilty to cocaine delivery, the court sentenced him for that crime, and the sentence was well within the standard range considering Willis's high offender score. Persinger and Moon do not apply to the facts in Willis's case.

sentence. <u>See</u> <u>Mail</u>, 121 Wn.2d at 711, 714 (noting that the Sentencing Reform Act does not limit the information a judge may consider in determining a standard range sentence).

Willis indicated to the court and the prosecutor that he understood all of the rights he was forfeiting, and he also acknowledged and agreed that the sentencing court was not bound by any of the recommendations in the plea agreement. The court exercised its discretion to impose a sentence within the standard range and indicated that it based its sentence on Willis's extensive criminal history. In reaching its decision, the court relied on the parties' recommendation, a review of Willis's criminal history, community safety concerns, and the court's fact-based belief that Willis had learned nothing from his past convictions. Because Willis fails to establish a due process violation or any other basis for review, RCW 9.94A.585(1) bars his appeal.

## CONCLUSION

Willis fails to establish a sufficient constitutional basis to challenge his standard range sentence. We affirm.

WE CONCUR:

-7-